In an indictment against the defendant for an assault, in the County Court of Doudoti, a judgment was rendered against him for 50/. from which judgment an appeal 126 *was taken to the district court of Dumfries. That court adjourned the case to the general court, and propounded the following questions: “1st. Whether upon prosecutions by indictment at the suit of the commonwealth, a defendant, against whom a pecuniary fine to the amount of one hun *36 dred dollars or more is assessed, have the right of appeal or not: 2d. Whether, if an appeal be allowable as of right in such a case, such appeal operates as a supersedeas to the judgment of the inferior court, from the time of granting the same.”
The • general court, November 13th, 1800, consisting of Judges Prentis, Tucker, Tyler, Nelson, White and Carrington, declared their opinion to be, “that the right of appeal does not extend to criminal cases, or prosecutions by indictments in behalf of the Commonwealth.”
***See the following case decided at the same court by the same judges.

Misdemeanors—Change of Venue—Notice.—in State v. Greer, 22 W. Va. 806, it is said: “The state can under no circumstances remove the case on its own motion, and the prisoner cannot have it done unless he shows good cause therefor. The burden is on the prisoner to show the good cause; and the aiAdavits filed or proof taken before the court may be submitted by the state; and if on the whole case made the court is satisfied, that good cause has been shown for a change of venue, it is the duty of the court to order the case to be removed for trial to some other county, otherwise to refuse to order such removal. That counter affidavits and counter proofs may be heard is well settled. McCue’s Case, 1 Va. Gas. 137; Caperton v. Bowyer, 4 W. Va. 176; Wormeley’s Case, 10 Gratt. 658; Railroad Co. v. Applegate, 21 W. Va. 172. In Com. v. Bedinger, 1 Va. Cas. 125, Ingersoll v. Wilson, 2 W. Va. 59, and in Ott v. McHenry, Id. 73. no counte affidavits or proofs were heard.”